UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CLOSE QUARTERS LLC** | **CASE NO. 3:19-CV-00887** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BOARD OF COMMISSIONERS, FIFTH LOUISIANA LEVEE DISTRICT** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the Court is Board of Commissioners, Fifth Louisiana Levee District's (the "Fifth Levee District") motion to dismiss the plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

Because the Fifth Levee District is not an "arm" of the state, it is not entitled to sovereign immunity. Accordingly, the Court has subject matter jurisdiction and the motion to dismiss should be **DENIED**.

## Background

Close Quarters sues the Fifth Levee District under Section 1983, alleging the Fifth Levee District took its property without authority and payment of just compensation in violation of the Fifth Amendment. On July 11, 2019, Close Quarters filed its complaint against the Fifth Levee District, seeking damages and declaratory relief. [doc. # 1].

On October 10, 2019, the Fifth Levee District filed a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). [doc. # 6]. The Fifth Levee District argues it is entitled to Eleventh Amendment Immunity because it is an arm of the state.

1

On October 31, 2019, Close Quarters filed its memorandum in opposition to the motion to dismiss. [doc. # 8]. Per the notice of motion setting, the Fifth Levee District had until November 7, 2019, to file a reply but failed to do so. [doc. # 9]. The motion is ripe.

### Rule 12(b)(1) standard

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal based on a lack of subject matter jurisdiction. The burden of proof rests with the party who asserts subject matter jurisdiction exists. *Willoughby v. United States*, 730 F.3d 746, 749 (5th Cir. 2013). When evaluating the motion, "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (quoting *Spotts v. United States*, 613 F.3d 559, 566-67 (5th Cir. 2012)).

### Eleventh Amendment Immunity

Federal court jurisdiction is limited by the Eleventh Amendment and sovereign immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996). The Eleventh Amendment guarantees a non-consenting State may not be sued in federal court by private individuals, including its own citizens. *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 962, 148 L.Ed.2d 866 (2001).

Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the "alter ego" or an "arm" of the State. *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 903-04, 137 L.Ed.2d 55 (1997). The Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is "the real,

substantial party in interest." *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999). The Eleventh Amendment will not bar a suit, though, if the political entity "possesses an identity sufficiently distinct" from that of the State. *Pendergrass v. Greater New Orleans Expressway Comm'n*, 144 F.3d 342, 344 (5th Cir. 1998).

There is no bright-line test for determining whether a political entity is an "arm" of the State for purposes of Eleventh Amendment immunity. Instead, "the matter is determined by reasoned judgment about whether the lawsuit is one which, despite the presence of a state agency as the nominal defendant, is effectively against the sovereign state." *Earles v. State Board of Certified Public Accountants of Louisiana*, 139 F.3d 1033, 1037 (5th Cir. 1998). In making this inquiry, the circuit considers six factors: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. *Vogt v. Board of Com'rs of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002).

In *Vogt*, the Fifth Circuit determined the Orleans Levee District is not an arm of the State of Louisiana for purposes of Eleventh Amendment immunity. *Id.* at 696. In addition, Magistrate Judge Perez-Montes found *Vogt* stands for the proposition that "a levee district is not an arm of the State of Louisiana for purposes of Eleventh Amendment immunity, and the federal court has jurisdiction over a landowner's action, under the Takings Clause, against a Levee Board." *Brown v. Board of Commissioners Fifth Louisiana Levee District*, 2017 WL 3911001, at *3 (W.D. La. Aug. 1, 2017)(citations omitted).

## **Analysis**

3

Close Quarters argues that because *Vogt* is binding precedent, the Court must find that it has subject matter jurisdiction. In response, the Fifth Levee District argues it is different from the Orleans Levee District. To consider whether the instant defendant is distinguishable from the Orleans Levee District, the undersigned will apply the *Vogt* factors to the Fifth Levee District.

The first factor is characterization under state law. Louisiana statutes define a "levee district" as a "political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, and all other things incidental thereto within its territorial limits." La. Rev. Stat. Ann. § 38:281(6). The *Vogt* court found this weighed against sovereign immunity because "political subdivisions are usually local governmental units with no connection to the executive branch of government." The undersigned sees no reason to depart from that logic here.

The second factor is source of funding. "This second factor is given the greatest weight because one of the principal purposes of the Eleventh Amendment is to protect state treasuries." *Vogt*, 294 F.3d at 693 (citations omitted). The financial information provided to the Court indicates that the Fifth Levee District generates most of its revenue from fees, self-generated revenue, and ad valorem taxes. Thus, the State would not be responsible for any judgment. In addition, as pointed out by the *Vogt* court, the Louisiana constitution gives levee districts the power to levy taxes and issue bonds. *Id*. The Fifth Levee District attempts to distinguish *Vogt* by pointing out that the nature of the lawsuit is different. Yet there is no reason why the nature of the lawsuit would affect whether an entity is an arm of the state. Status as an arm of the state does not change from case to case. Thus, the second factor weighs against sovereign immunity.

The third factor is degree of local autonomy. The Fifth Levee District has considerable autonomy. The Fifth Levee District's board of commissioners "may buy and hold, sell and transfer,

4

or exchange property, make and execute contracts, and do and perform any and all acts necessary to insure the thorough and adequate protection of the lands of the district from damage by flood, and, in the case of levee and drainage boards, for the adequate control of the district." La. Rev. Stat. Ann. § 38:306(A). It also can issue bonds. La. Rev. Stat. Ann. §§ 38:431, 38:314. The *Vogt* court found these characteristics sufficiently demonstrated autonomy, and the undersigned finds no distinguishing circumstances exist here. The fourth factor is whether the entity is concerned with local versus statewide problems. In *Vogt*, the Fifth Circuit said that this factor weighed against Eleventh Amendment immunity because the Orleans Fifth Levee District's primary concern is what happens in the district. 294 F.3d at 696. Here, the Fifth Levee District argues that if it suffered a levee breach, state-wide flooding would result. But this is not persuasive and is in fact an argument rejected by the *Vogt* court who found the 19 Levee Districts are distinct entities. *Id*. at 695. The Fifth Levee District is only responsible for its prescribed territory and need not worry about statewide problems. Accordingly, this factor weighs against sovereign immunity.

The fifth factor, authority to sue, and the sixth factor, right to hold property, both weigh against sovereign immunity. Under Louisiana statutes, each levee district may sue and be sued and may buy, hold, sell, and transfer property. La. Rev. Stat. Ann. §§ 38:309(B), 38:306(A). The Fifth Levee District agrees these factors weigh against sovereign immunity.

Because a levee district is not an arm of the State of Louisiana for purposes of Eleventh Amendment immunity, the Court has jurisdiction over this suit. *Vogt* is binding precedent, and the Fifth Levee District presents no reason why the Court can deviate from that conclusion.

## **Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** defendant Board of Commissioners, Fifth Louisiana Levee District's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on the grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 13th day of November 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE